FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/27/2022 9:25 AM
JAMIE SMITH
DISTRICT CLERK
B-210690

CAUSE NO. _____

| | | |
|---|---|---|
| SHEILA BROWN | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| SAM'S WEST, INC. | § | _____TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHEILA BROWN, hereinafter referred to as Plaintiff, and files this her Original Petition, complaining of SAM'S WEST, INC., hereinafter referred to as Defendant for cause of action, would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. This action arises under the laws of the State of Texas. Plaintiff intends for discovery to be conducted under Level 3 of TEX. R. CIV. P. 190.4. Therefore, Plaintiff would ask the Court to enter a discovery control plan tailored to the particular circumstances of this lawsuit.

### II.
### PARTIES

2. Plaintiff is a resident of Beaumont, Jefferson County, Texas; thus, a Texas citizen and resident at all relevant times.

3. Defendant SAM'S WEST, INC. is a for-profit company authorized to do business in the State of Texas. Defendant SAM'S WEST, INC. is listed as the owner of the Sam's Club store located at 1615 I-10 South, Beaumont, Texas 77701. Said Defendant may be served through its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201. Service on said Defendant is requested at this time.

EXHIBIT A

## III.
## JURISDICTION AND VENUE

4. As required by TEX. R. CIV. P. 47(b), Plaintiff's counsel states that the damages sought herein exceed the minimum jurisdictional limits of this Court. As required by TEX. R. CIV. P. 47(c)(5), Plaintiff's counsel states that Plaintiff seeks only monetary relief in excess of $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. This amount is obviously subject to change as the discovery process and evidence develop. A Jury should ultimately determine the monetary relief actually awarded, however.

5. The Court has jurisdiction over Defendant SAM'S WEST, INC. because this defendant is a foreign for-profit Texas company that engages in business in the State of Texas and has the requisite minimum contacts within this State for the exercise of jurisdiction. The exercise of jurisdiction over this defendant does not offend the traditional notions of fair play and substantial justice. This defendant is a Texas citizen, whose contacts with the State of Texas are directly related to the cause of action herein, and regardless its contacts are systematic and continuous and/or it is essentially at home in the State of Texas.

6. There is a lack of diversity among the parties since Plaintiff and Defendant SAM'S WEST, INC. are citizens of the State of Texas. Additionally, Plaintiff is not making any claims for relief under federal law. As such, removal of this action to federal court is *per se* improper and will be met with an immediate motion for remand including a request that sanctions be imposed against Defendant for their improper removal of this action.

7. Venue is proper in Jefferson County, Texas, because, for example, all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

EXHIBIT A

## IV.
## FACTS

8. On March 7, 2021, Sheila Brown drove to Sam's Club located at 1615 I-10 S., Beaumont, Texas 77701 ("Sam's"). Plaintiff was walking through Sam's when Plaintiff slipped on a slippery surface. As a result of her fall, Plaintiff sustained serious bodily injuries. At all times material hereto, Defendant Sam's owned, controlled, and/or operated the premises in question. This incident, and the injuries resulting therefrom, were brought about to occur and were proximately caused by the negligence of Defendant and/or Defendant's employee(s). As a result, Ms. Brown sustained severe knee and back injuries.

9. At all times material hereto, Defendant owned, controlled, and/or operated the premises in question. This incident, and the injuries resulting therefrom, were brought about to occur and were proximately caused by the negligence of Defendant.

10. This suit is brought in accordance with the laws of the State of Texas for the recovery of damages to which your Plaintiff is entitled to recover over and from the Defendant herein. Plaintiff will show that the incident was brought about and caused to occur, and were proximately caused by the negligence of the Defendant herein.

## V.
## COUNT 1 – PREMISES LIABILITY

11. Defendant was the owner of the premises at the Sam's located at 1615 I-10 S., Beaumont, Texas 77701 at the time of this accident.

12. Plaintiff entered Defendant's premises with Defendant's knowledge and for their mutual benefit. More specifically, Plaintiff was a customer at this particular Sam's store.

**EXHIBIT A**

13. A condition on Defendant's premises posed an unreasonable risk of harm. The condition, unmarked pallet paper on the floor, caused Ms. Brown to slip and/or trip, fall, and sustain series bodily injuries.

14. Said Defendant and/or its agents, servants and employees negligently, willfully, and/or knowingly permitted the area in question to become dangerous; negligently, willfully, and/or knowingly allowed such condition to continue; and negligently willfully and/or knowingly failed to warn Plaintiff of the dangerous condition. This condition existed despite the fact that Defendant and/or its agents, servants and employees knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff. Defendant should have or reasonably should have known of the dangerous condition existing on the floor at the time of Ms. Brown's fall.

15. Defendant furthermore had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached their duty to inspect, warn, and/or cure. Defendant's breach of duty proximately caused injury to Plaintiff.

## VI.
## COUNT 2 – VICARIOUS LIABILITY

16. Defendant SAM'S WEST, INC. is vicariously liable for the negligence of its employees under the theory *respondeat superior* as, at all times material, Defendant SAM'S WEST, INC. employed its store manager(s) on duty at the time of the incident, who were acting within the course and scope of said employment, and in the furtherance of said Defendant SAM'S WEST, INC.'s business, at the time of the accident made the basis of this lawsuit.

EXHIBIT A

## VII.
## COUNT 3 – DIRECT LIABILITY

17. Defendant SAM'S WEST, INC. is directly and independently liable to Plaintiff for its own negligent acts and omissions as committed by it and its agents, employees, servants and representatives. Defendant SAM'S WEST, INC. owed specific duties to Plaintiff as well as the customers of its store, said duties existing and created by common law, statutory law and regulatory laws, rules and regulations. Defendant SAM'S WEST, INC. breached these duties and is thus negligent in multiple ways including (but not limited to) the following:

   a. Negligently and carelessly failing to warn Plaintiff of the dangerous condition;

   b. Failing to maintain safe premises;

   c. Failing to properly maintain the area;

   d. Failing to properly inspect the area in question;

   e. Failing to discover and remove the dangerous condition within a reasonable time;

   f. Failing to use the care of a reasonably prudent person under the same or similar circumstances;

   g. Failing to properly train employees; and

   h. Failing to inspect the premises;

   i. Failing to safely warn of the area in which Plaintiff fell;

   j. Failing to adequately warn Plaintiff and others of the slipping hazard and/or condition upon which she fell; and

   k. In committing other acts of omission and/or commission to be shown after and adequate time for discovery, and/or at the time of trial.

The foregoing acts and/or omissions were a proximate and/or producing cause of the Plaintiff's injuries and damages.

EXHIBIT A

## VIII.
## DAMAGES

18. As a direct, legal and proximate cause of the Defendant's negligence herein, Ms. Brown has suffered severe and significant personal injuries. Plaintiff hereby sues for the recovery of the following elements of damages:

    a. Medical and other health care-related expenses, past and future;

    b. Physical pain and suffering, past and future;

    c. Mental anguish, past and future;

    d. Physical impairment, past and future;

    e. Physical disfigurement, past and future; and

    f. Loss of earnings and/or earning capacity, past and future.

Plaintiff further asserts her right to recover over and from the Defendant any and all interest allowed by law including pre-judgment and post-judgment interest as well as court costs.

## IX.
## GROSS NEGLIGENCE

19. Your Plaintiff further shows that the negligence of the Defendant constitutes "gross negligence," as that term is defined by law. Accordingly, your Plaintiff is entitled to recover, and hereby sues for, punitive and/or exemplary damages.

## X.
## INTEREST

20. Plaintiff also asserts a claim for pre-judgment and post-judgment interest for all elements of damages upon which such interest is allowed.

EXHIBIT A

## XI.
## RULE 193.7 NOTICE

21. Defendant is hereby notified that Plaintiff intends to use Defendant's discovery production as evidence at trial in accordance with the rights established by TEX. R. CIV. P. 193.7.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff has and recovers of and from Defendant for actual damages and punitive damages; pre- and post-judgment interest at the highest legal rate thereon for all damages; costs of court; and, for such other and further relief, special or general, at law or in equity, to which Plaintiff may be justly entitled.

EXHIBIT A

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**
350 PINE STREET, SUITE 1440
Beaumont, Texas 77704-4905
(409) 832-9700 (phone)
(409) 832-9708 (fax)

By: _____/s/_____
Timothy M. Ferguson
State Bar No. 24099479
tferguson@thefergusonlawfirm.com

**ATTORNEY FOR PLAINTIFF**

EXHIBIT A

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

By: **s/ Timothy M. Ferguson**
Timothy M. Ferguson

**EXHIBIT A**